and please the court, Anthony Bornstein on behalf of the petitioner, Eric Shelby. Your honors, in light of this court's intervening decision in Red v. McGrath, we are asking for the court to remand the case for factual determinations pertinent to the statute of limitations issue. Red holds that challenges to the actions of state administrative parties are brought under 2254 and covered by the statute of limitations provisions of 2244 D1. However, Red was decided after Judge King dismissed the instant petition and did not make findings on the date on which the factual predicate of the claim could have been discovered or alternatively under D1B. Why do we need findings? The way it looks on the record is the state determination taking away 100 days of good time on account of that lady's restroom incident was about a year and a half before he filed his petition. So on its face, he's late. He missed the one year statute of limitations. It seems like if there's some excuse for that that would amount to tolling or the statute not running for some reason or whatever, it would be incumbent on Shelby to put it forward and he doesn't. So why not just look at the record we have instead of running this thing through another round? The answer, Your Honor, is in the specific proceedings that took place below. The state filed a response and an answer in which they cited 2244 and stated that the petition was late and they cited the dates that Your Honor mentioned. Judge King then issued a very short minute order that said reply to the state's response and the issue of whether or not actions of state administrative bodies had been covered by the ADPA one year statute of limitations had not yet been decided. And so the case was. So what? You knew it was out there as a with a high potentiality of going wrong for your side and so did the prisoner. I would have thought without that case, I never could see this the Seventh Circuit interpretation. To me, the interpretations of the three other circuits looked a lot more obvious and gee, there it was. There's the one year statute of limitations. He's half a year late and it seems like without red coming down, it was still out there for him to say, I've got an excuse for being six months late. My only response, Your Honor, is that in light of the specific response and order on the statute of limitations issue, the case proceeded along the lines as I've outlined and the additional issues of whether there were impediments created by the state. Well, you know, all of these things are interesting abstractions, but the way I read the record, the appeal was denied on July 12th, 2001. Is that right? That was actually the date of the action of the board. I don't know that that was an appeal, but that was the action of the state. Wasn't that an administrative appeal? That was the action of the state administrative board. Right, and that's the one he's complaining about. Right. And that was decided on July 12th, 2001. Right. And so he had until January 9th. Well, January 9th is one year. What explains the difference between July 12th and January 9th? The date of July 12th is not the equivalent under the statute of a decision of a state court. The court, rather under red, has to make a determination of the date on which the factual predicate for the constitutional claim would have been known to the petitioner. Wouldn't that have been when he was notified of the denial of his appeal? The only thing in the record is the signed response. We don't know the date on which Mr. Shelby's. Signed response meaning, what is that? To an inmate, to Mr. Shelby's request. The document is in the excerpt of the record, and the only thing that the court will see there on the 12th is this paragraph at the bottom of Mr. Shelby's inmate kite that explains why the board isn't deciding it in his favor. I mean, we don't know the. So does counsel. I don't think what you understand that there's a there's a big difference between habeas corpus and violation of civil rights under 1983. Now, we know that habeas corpus applies in situations where you want to get out of confinement, but we know that habeas corpus doesn't apply in that that matter. Those cases arise under the Civil Rights Act, Section 1983, conditions of confinement. You know, when we've seen pictures of what happened to the confinement over in Iraq, that type of thing. If it happened here in America, you don't bring a habeas corpus case. You bring a civil rights action. Now, why didn't it occur to you that you should have brought a civil rights action asked to amend the petition? Your Honor, this was not a challenge to the conditions of confinement, but rather to the duration and the retraction. So you're not concerned about the conditions of confinement. Right. It would be to the duration. This early in the habeas. Why didn't you try to amend your petition to include that as a habeas corpus relief? Well, I mean, it is a 1983 relief. I believe Mr. Shelby did correctly pleaded as a 2254 habeas petition in that he was challenging the duration of the confinement on on the 2254 and 2244 issue. I'm having trouble reconciling your argument that we need a remand with the language of the statute. Let me explain why. And you can educate me as to why I'm mistaken. The statute says a one year period of limitation shall apply to an application for a writ of habeas corpus and so forth. And then it says the limitation shall run from the latest of the relevant subsection. Here appears to be a the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review. Now, the date on which the judgment became final is unquestionably that July 12th, 2001 date. And it seems to me that while there are some excuses that get you around the one year statute of limitation, it is the statute of limitation itself doesn't incorporate those excuses as part of the burden of the government. It just leaves it to the defendant to establish or the petitioner to establish whatever kind of tolling or other way around the statute of limitations there might be. All we have to do for the government to win is have a record that shows more than a year passed between the date on which the judgment became final and the date when the petition for writ of habeas corpus was filed. If that's all the record shows, it's over. Nothing for a remand. If the record shows that there's a sufficiently strong basis for tolling or something of that nature, then there might be occasion for a remand to say, well, we need findings on whether there was tolling or not. But here I just don't get it because of the wording of 2244. As I understand, read the analysis does not begin under that a clause or subsection of the statute, which ostensibly would treat the action of the administrative body as equivalent to the action of the court. Rather, the court must analyze the action against the administrative body under D1D. And the date on which the actual predicate for the constitutional claim would be known to the applicant or the petitioner. And then also, Your Honors, the D1B determination would also come into play on whether or not there was any state created impediment. What excuse is the failure of your client or someone on his behalf to move earlier on this issue? Perhaps, Your Honor, the issues were unduly streamlined in light of the unsettled law at the time. There was not a Ninth Circuit decision. Did he get notice immediately after the July 12 decision? Your Honor, all we have is that. Did he get notice immediately after the July 12 decision? The record is unclear, Your Honor. You're his lawyer. Are you sending us on a snipe hunt or is there something there? I'm asking for a factual determination. What is there? What are you... Okay, we send it back. What are you going to show? Your Honor, that particular issue has not yet been investigated, as I mentioned, because of the... So there's no there there. Well, if the district court were to find that there was no adequate... Well, what are you going to... Look, if you can say, look, he never got the decision from the administrative body. Something went wrong with the prison mail. Please send it back and we can show the district court that. As I understand it, you're not saying that. You're saying, we have no idea. Maybe there's something. You're saying we do not yet have the answer to that as the record was not yet... Have you talked to the client? I mean, do you have a case? Are we sending this back for a joke or do you have a case? That's what Judge Kleinfeld's asking you. Your Honor, I don't have the facts developed on that particular point. Well, what good does it do to ask us to send something back then if you don't even know what's going to happen? In most of these cases, the lawyers come and they say, we've got a case of X. And we get an opportunity to go with it. And you tell us, I have no idea. I just want it to go back. My representation to the court is based on the fact that the decision came down, the district court's ruling came down before red was decided. We did not look into those particular facts, and I did not think that I could then come before this court and make representations that were outside the district court record. So that's why, Your Honors, I do not have additional information in response to... Because you have information and it's outside the record or because you don't have information? Right now, I don't... We've got too much work to waste the district court judge's time. I don't have additional information at this time, Your Honor. Of course, the court does not have additional questions. I would... Thank you. Take my seat. May it please the court, Carolyn Alexander for respondents. Initially, first of all, on the 2244 applicability issue, I just want to bring the court's attention to White v. Lampert in my supplemental letter of authority. I've cited that case that came down after the briefs were filed in this case. That seems to answer the open question... Yes, Your Honor. ...in red. Red assumes that 2244 applies without deciding it because it was conceded by the petitioner at oral argument. White, however, implicitly holds that, in fact, 2254 doesn't... rather than 2241. But it also implicitly holds that 2254 applies with its package of restrictions, which includes the limitation period prescribed in 2244. So I think both red and white answer the question of whether the statute of limitation applies. Red, as the petitioner has argued, says... We could publish it if this fellow's name was blue. Yeah, that would be good, wouldn't it? The perfect little trilogy of statute of limitations cases. So basically, the question that the Seventh Circuit created a question on is now answered in the Ninth and we can disregard that. Yes, it is, Your Honor. I believe it's implicitly held. Now, this court didn't come out and say the limitation period applies, but that's the implicit holding. Relying on cases like Felker v. Turpin that say it's a package. And that was congressional intent to make it a package when they amended the ADEPA in 1996. If we do use D as counsel for the petitioner urges, that does have the language as early as the petitioner with reasonable diligence could have discovered the basis for his claim. I had never thought that relevant to this sort of claim. I thought that was like when a witness says, I was lying because of this or that at the trial. And I've only just now come forward because the statute of limitations is wrong. But assuming that does apply here, why, in your view, would we not need a remand? Well, Your Honor, I agree with the petitioner. I think Red answers that question. I think it's 2244D1D. I think that's the applicable provision of 2244. And as I said, Red analyzes that. Because of the wording in ADEPA, which, as Lynn V. Murphy says, is not the clearest. It's not a model of drafting. Still, the analysis in Red, I do believe, is controlling. Okay, so we're down to D. So now get to why you don't think we need a remand if it's D. Well, I think the discussion about when he learned about the factual predicate, in a sense, is a red herring. The record doesn't show that. And this Court is correct that, in fact, he could have presented that, and he didn't do that. The bigger problem is he failed to exhaust this claim in state court. Is that by not pursuing a writ of mandate? Yes, exactly. I'm really troubled with that. I mean, if you think that's the bigger problem, that doesn't seem like that much of a problem. The whole idea is the state statute said he can't go to court with this. He's not allowed to get review, and he can't do a petition for review or a petition for discretionary review. Mandamus is an extraordinary remedy for clear violations of law, which this plainly would not be. It seems like all we're doing then is burdening. We're creating a trap for unwary prisoners and a burden for the state court to no point. Your Honor, I disagree with your characterization. What state law says? The statute says that direct judicial review is not available. The statute also says habeas, state habeas, is available, and it doesn't preclude mandamus. Our court of appeals issued its opinion in state. It says state habeas is available? Yes. The statute, subsection 2 of that statute, in fact, says that. You're talking about 421.194? Yes, I am, Your Honor. It's subsection 2. This section does not affect any right that an inmate may have to prosecute a writ of habeas corpus? Yes, Your Honor. Thank you. I am referring to that. So, in fact, in Osborne, what the court of appeals said was, that's correct. Judicial review in the APA style of judicial review is not available. That's correct. However, habeas in certain situations does remain available, and mandamus is an available remedy. Mandamus relief is indeed available in the circumstances alleged here. Correct. And that, again, was a challenge to a disciplinary sanction, exactly like the facts in this case. So, petitioner could have sought mandamus review. He still can't. It's not exhaustive. So, if this court, concerned about judicial resources, remands to district court, district court will find this claim is not exhaustive, he still has an available remedy in mandamus, and must dismiss the petition. I think that is a concern. This court can certainly find that this claim is not exhaustive. The district court found, as a factual matter, that petitioner has never sought state court relief. That relief is available. It remains available. Do you have anything? What about a revamp to allege, to request a modification or amendment to the petition to include a 1983 cause of action? Well, I would agree with petitioner, Your Honor. I don't think it properly lies in 1983. Well, that hasn't been determined, just merely being able to allege it. Well, I don't know, Your Honor. I think it is a challenge to the duration of his sentence. So, I think it probably lies in habeas corpus. What about condition of confinement? Can it arise under habeas corpus? Yes, Your Honor. State habeas corpus. What's that? State habeas corpus. But he's challenging the duration of his sentence. I think that's a federal habeas. Well, he's also alleging conditions of confinement. What if a prisoner beats somebody up without any provocation whatsoever? What's the cause of action that the prisoner has? If it's a condition of confinement, I would imagine that. That would be 1983, wouldn't it? I think it could also be alleged in federal habeas. It would depend on the specific facts. I think the point remains that he has a remedy, but his remedy lies in state court and it lies in mandamus. Counsel, I wonder if I misunderstood what you said on habeas, either just now or earlier in your brief. I thought you just told us that state habeas was available, but I read in your brief at page 21 that – I think it's your brief. Yes, Your Honor, I'm sure it is. The State Extra Laws Warren v. Cook State Court of Appeals held that Oregon revised statute prohibits direct judicial review. The court also noted that state habeas corpus was not an available remedy. Yes. If I might explain that, Your Honor. Yeah. State habeas under Oregon state law requires – one of the requirements for state habeas is the need for immediate judicial scrutiny. And I refer the court to a case by the Oregon Supreme Court called Penrod Brown v. Cook. Yeah, you quote this language that it's not available to address a claim that a prospective release date has been extended. Right. I understand. You can only use it to advance a claim you're entitled to get out right now. Exactly. So it looks to me like the only thing he could have done in state court is mandamus. He couldn't have used habeas. Correct, Your Honor. Correct. So when I referred to the statute not barring habeas relief, again, judicial review isn't available. Habeas corpus might be under certain circumstances. When Petitioner gets to the point where he's now alleging – Well, habeas would not be available now. But right now it is not available. The only way he could get habeas review is to wait for the hundred days of good time that he lost to be served and wait for the rest of his sentence to be served, and then when he's a hundred days short of what his release date is after losing the good time, to say in 2008 or 2026 or whenever it is, to say I'm entitled to get out now and not a hundred days from now. Correct. That's how state habeas works. You're right, Your Honor. Okay. So as a practical matter, there's nothing to exhaust here. No. He can exhaust in mandamus. Mandamus doesn't have that power. Except you have no right to even have the court determine whether an error was made in a mandamus proceeding. Yes, he does. Yes, he does. What he alleges in mandamus is that the Department of Corrections aren't fulfilling their obligations. You're saying a mandamus is just like direct review? You have a right to have the court determine your questions of law and fact? Yes, Your Honor. I thought mandamus was extraordinary review. And the first thing the court does is decide whether to reach the merits. And the answer on that is usually no. Osborne answered that question, Your Honor. The other requirement for mandamus is there be no other available legal remedy. That's petitioner's case because state habeas. That's a requirement to get mandamus, but it doesn't mean that if there is no other remedy that you will get review on mandamus. We have mandamuses come to our court all the time. Most of them we don't reach the merits because there isn't such a clear violation that mandamus would be appropriate, even if there was error. Is Oregon mandamus the same as federal mandamus? You know, I don't think I can answer that question, Your Honor. I don't know. I don't know anything about federal mandamus. We don't grant it if you could solve it with direct review, but that doesn't mean that we do grant it if you couldn't. Well, granted, Your Honor, but I think Osborne answers the question about whether this particular situation, whether the merits of this particular situation can be reviewed in mandamus. And the answer is yes. And Osborne says yes. Is that the way you read Osborne? The answer is yes. Your time has expired. Thank you. Thank you. Anything you'd like to respond to? Your Honor, if I could make one point pertaining to the issue of what his available remedies were. The law was in a very severe state of flux up until the time he filed his federal petition. I would point out that the Oregon appellate case that established that mandamus was indeed the remedy came out on December 12th of 2011. In 2002, Mr. Shelby signed his pro se petition a mere 15 days later on December 27th, 2002. And the state filed their response in the district court in 2003, indicated that still that state habeas was the remedy in their initial response. So at the appellate level, upon reflection of a review of Osborne, it now appears that mandamus was the remedy. So even the state indicated that habeas was the remedy at the time that the district court proceedings in this case took place. And I offer that to show that the state corrective process was in a very severe state of flux at the time. Thank you, counsel. Case argued is ordered submitted. We'll move to the final case on today's calendar. The United States versus the federal public defender. May it please the court, I'm Stephen Edwards.
judges: Ferguson, Trott, Kleinfeld